IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLYDE T. KENISON,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND FOR ENTRY OF JUDGMENT<br><br><br><br>Case No. 2:07-CV-16 TS |

This matter came before the Court on August 28, 2007, for hearing on Plaintiff's

Motion for Attorney Fees and Entry of Judgment.  Plaintiff filed this action on January 12,

2007, seeking a determination that he did not owe trust fund taxes, that his refunds should

be paid, that his electronic filing privileges should be restored, as well as an injunction

against IRS' attempts to collect those taxes, and attorney fees.

The IRS timely filed its Answer admitting that (1) the tax assessments were untimely

and, therefore, outside the limitations period, (2) the refunds were due with interest, and

(3) Plaintiff was entitled to judgment vacating the penalties totaling about $162,721.61, but

representing that the judgment would shortly become moot because the IRS was going to

"abate the trust fund recovery penalties at issue."[1]  In response, Plaintiff filed the present

Motion seeking a judgment and an award of attorney fees.

As an initial matter, the Court notes the parties' concessions.  The United States

concedes that attorney fees are awardable for the period of February 6, 2006, through

March 13, 2006.  Plaintiff concedes that the United States is correct on the statutory cap

on the hourly rate.  Plaintiff will no longer pursue his claim regarding electronic filing,[2] nor

his claim for an injunction.

Plaintiff moves for attorney fees under 26 U.S.C. § 7430(a), which provides for a

judgment or settlement for "reasonable administrative costs" in connection with an

administrative proceeding[3] and "reasonable litigation costs" in connection with a court

proceeding.[4]  There is no dispute that Plaintiff meets four of the five requirements for such

an award: (1) the proceedings were in connection with the determination of a penalty and

for a refund under the IRS Code;[5] (2) he has exhausted his administrative remedies;[6]  (3)

he has not protracted the proceedings;[7] and (4) his net worth is under two million.[8]

---

[1]Answer, at ¶ 26.

[2]Joint Motion to Continue Pretrial Conference, at 2-3.

[3]26 U.S.C. § 7430(a)(1).

[4]*Id*. § 7430(a)(2).

[5]*Id*. § 7430(a).

[6]*Id*. § 7430(b)(1).

[7]*Id*. § 7430(b)(3).

[8]*See* § 7430(c)(4)(A)(ii), referencing 28 U.S.C. § 2412(d)(2)(B) (EAJA).

At issue is a fifth requirement—that Plaintiff is a prevailing party.[9] A prevailing party for § 7430(a) is one who has "substantially prevailed with respect to the most significant issue or set of issues presented"[10] but shall "not be treated as a prevailing party . . . if the United States establishes that the position of the United States was substantially justified."[11]  To be substantially justified under § 7430 means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact."[12] "In determining whether the position of the United States was 'substantially justified,' [this Court] must look at all facts and circumstances as well as the legal precedents relating to the case."[13]  "The fact that the government loses the underlying litigation is not dispositive of the determination that its position was reasonable.  Rather, 'it remains a factor for our consideration.'"[14]  In the *Pate* case, the Tenth Circuit held that the fee applicant always bears the burden of proof on substantial justification.[15] However, § 7340 was subsequently

---

[9]*Id*. § 7430(a).

[10]*Id*. § 7340(B)(4)(A)(i)(II).

[11]*Id*. § 7430(b)(4)(B)(i).

[12]*Pate v. United States*, 982 F.2d 457, 459 (10th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 563-65 (1988) (defining the term under the Equal Access to Justice Act)).

[13]*Id.*

[14]*Mid-Del Therapeutic Center, Inc. v. C.I.R.*,  30 Fed.Appx. 889, 892 (10th Cir. 2002) (quoting *Anthony v. United States*, 987 F.2d 670, 674 (10th Cir.1993)).

[15]*Id.*

amended to shift "the burden of proving substantial justification from the taxpayer to the government."[16]

In considering the award of attorney fees, the statute bifurcates the "substantially justified" issue between the administrative proceeding and this judicial proceeding.[17]

Examining the period of the administrative proceeding, no fees are awardable prior to the November 7, 2005 notice of the decision of the IRS Office of Appeals.[18]  Thus, all fees sought for the period before November 7, 2005 are not awardable.

During the period from November 7, 2005 through December 7, 2005, the assessment could have still been timely.[19]  Accordingly, during this period, the substantial justification of the IRS's position is its position on the merits—whether Plaintiff was a responsible party.  Plaintiff submitted his evidence showing that the taxes had been paid and misapplied.  In response, the IRS submitted only a Declaration stating that it had "considered and rejected Mr. Kenison's argument that employment tax payments had been misapplied."[20]  Where Plaintiff has submitted the company tax returns and the IRS's account balance sheet, the United States has not met its burden of showing that its position was substantially justified merely by stating that the IRS agent had considered and

---

[16]*Pacific Fisheries Inc. v. United States,* 484 F.3d 1103, 1109 (9th Cir. 2007).

[17]*Id.* at 1109.

[18]26 U.S.C. § 7430(c)(2).

[19]The IRS has a thirty-day period to file the assessments.

[20]Docket No. 29, Monclea Decl., at ¶ 4.

rejected Plaintiff's argument that the employment taxes had been misapplied or that the agent determined that the failure to pay was willful.[21]

The next issue concerns the fees incurred on March 23, 2006, in connection with the e-filing privilege—something Plaintiff has now dropped. Fees for these four hours do not appear to be awardable because: (1) Plaintiff has dropped the claim and therefore is not the prevailing party; and (2) Plaintiff has not disputed the United States' position that no such relief is available under the Administrative Procedures Act.

The remaining fees, including any fees incurred after the filing of the present Motion, were incurred in connection with this judicial proceeding. The United States is correct that the issue of whether its position was substantially justified in this case must be bifurcated from consideration of its position in the administrative proceedings. In this judicial proceeding, the United States first took a position in its Answer. That Answer conceded that the assessments were untimely, should be abated, and that the refunds should be promptly paid with interest. That position was substantially justified.

In the similar case of *Pacific Fisheries Inc. v. United States*, the Ninth Circuit found that the United States' position was substantially justified in an IRS summons case where the only positions taken by the government after learning that summons were invalid were to withdraw the summons and to ask the taxpayers to voluntarily dismiss their motion to quash as moot.[22]

---

[21]Second Moncla Decl. at ¶ 4.

[22] 484 F.3d at 1110-11.

In contrast, in *Wade v. United States*,[23] the Court awarded attorney fees because the United States did not promptly concede its position and instead filed a motion to transfer venue before filing its answer.  The instant case is more similar to *Pacific Fisheries* than to *Wade* as the first position the United States took in this case was to concede the lawsuit's claims.  Therefore, as the government's position was not substantially unjustified, no fees are awardable in connection with this judicial proceeding.  Because no fees are awardable in this category, the Court need not address the parties' argument regarding the rule announced in *Buckhannon Bd. & Care Home, Inc., v. W. Va. Dept. of Health & Human Res.*[24]

Plaintiff also seeks entry of a judgment.  The Court finds that with the tax assessments abated, the refunds paid, and the injunction and e-filing issue dropped, there are no longer any issues between the parties.  Thus, this case should be ready to be resolved with a judgment in favor of Plaintiff for attorney fees and costs.

The Court finds that fees for 6.2 hours spent from February 6, 2006, through March 13, 2006, and fees for the 3.2 hours spent from November 8, 2005, through November 16, 2005— a total of  9.4 hours at $160 an hour, or $1,504—together with costs in the amount of $8.64, are reasonable administrative costs incurred in connection with the administrative

---

[23]865 F.Supp. 216, 220 (D. N.J. 1994)  (holding that plaintiff had already incurred significant expenses defending against the United States' position in the litigation by the time her case was conceded).

[24]532 U.S. 598, 605 (2001) (holding that "a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change" to make the plaintiff a prevailing party entitled to an award of attorney fees under EAJA).

proceeding in which Plaintiff was the prevailing party.  The Court finds that no fees and

costs are awardable in connection with this judicial proceeding because the United States'

position herein was substantially justified.  Section § 7430(a) provides for the entry of a

judgment for such reasonable administrative costs. Judgment shall be entered for an

award of attorneys fees and costs totaling $1,512.64.  It is therefore

ORDERED that Plaintiff's Motion for Entry of Civil Judgment and Award of Attorney

Fees (Docket No. 18) is GRANTED.  It is further

ORDERED that pursuant to 26 U.S.C. § 7430, judgment shall enter in favor of

Plaintiff and against the United States in amount of $1,512.64.  Upon entry of judgment,

this case will be closed.

DATED September 4, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge